# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
October 3, 2000 Session at Nashville

## STATE OF TENNESSEE v. TONY CARRUTHERS and JAMES MONTGOMERY

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**Nos. 94-02797-99 and 95-1128-29    Joseph B. Dailey, Judge**

---

**No. W1997-00097-SC-DDT-DD - Filed December 11, 2000**

---

ADOLPHO A. BIRCH, JR., J., concurring, dissenting.

Assuredly, I agree with the majority's decision to uphold the first degree murder conviction of Tony Carruthers and to order a new trial for James Montgomery. I write separately, however, to express my continued dissatisfaction with the comparative proportionality review protocol currently applied in Tennessee death penalty cases. I continue to hold to my view, stated previously, that Tennessee's comparative proportionality review procedure is inadequate and should be corrected. See State v. Chalmers, 28 S.W.3d 913 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Keen, ___ S.W.3d ___ (Tenn. 2000) (Birch, J., concurring and dissenting).

In my dissent in Chalmers, I raised three general concerns with Tennessee's comparative proportionality review protocol: "the 'test' we employ [for comparative proportionality review] is so broad that nearly any sentence could be found proportionate; our review procedures are too subjective; and the 'pool' of cases which are reviewed for proportionality is too small." Chalmers, 28 S.W.3d at 923 (Birch, J., concurring and dissenting). Since that time, these concerns remain unaddressed. Under the test embraced by the majority, a death sentence will be held proportionate unless the case is "plainly lacking in circumstances consistent with those in similar cases in which the death penalty has previously been imposed." See State v. Bland, 958 S.W.2d 661, 665 (Tenn. 1997). A death sentence conceivably could be held proportionate even though every comparable defendant has received a life sentence and the State can discern no basis for the difference in sentencing. See id. (stating that even "where there is no discernible basis for the difference in sentencing, the death sentence is not necessarily disproportionate"). This test is inordinately difficult for defendants to meet, and it fails to provide abiding assurance that "no aberrant death sentence [will be] affirmed." Cf. Bland, 958 S.W.2d at 665.

Moreover, as conceded by the majority, our comparative proportionality review protocol "[does] not utilize a mathematical formula or scientific grid. The test is not rigid." Majority opn. at 55. However, only by the establishment of a more definitive framework for proportionality review can we guarantee that our review protocol is indeed a rational, consistently applied, procedural

safeguard rather than a subjective process no more insulated from arbitrary application than the jury decisions the protocol is designed to review.

Finally, the "pool" of cases reviewed for proportionality remains, in my view, too narrow, and the majority's assertion that "[t]he pool from which similar cases are drawn has increased substantially"[1] does not remedy this concern. The problem arises because the pool of cases reviewed for proportionality does not embrace all first degree murder cases in which the death penalty could be imposed, but only those cases in which "a capital sentencing hearing was actually conducted to determine whether the sentence should be life imprisonment, life imprisonment without the possibility of parole, or death." See Bland, 958 S.W.2d at 666. The result is that defendants are prevented from arguing that their death sentence is disproportionate because prosecutors typically do not seek the death penalty in cases comparable to theirs. The majority's argument that the "pool" of death-sentenced defendants whose cases we compare has expanded rapidly (precisely because the Court has found more and more death sentences proportionate under its own test) does nothing to solve the underlying problem.

I continue to adhere to my strongly held view that our comparative proportionality review protocol is inadequate and should be corrected. Thus, I am compelled to take issue with the opinion of my esteemed colleagues because I have been unable to discern even the slightest movement on their part to address the concerns previously expressed and reiterated here.

Accordingly, and respectfully, I dissent.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[1]Majority opn. at 55, n.52.